James A. McDevitt
United States Attorney
Eastern District of Washington
Aine Ahmed
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  vs.<br><br>RAUL S. ZAVALA,<br><br>  Defendant. | CR-05-105-LRS<br><br>United States' Memorandum in Support of Motion in Limine: Punishment/Mistrial/Discovery |

Plaintiff, United States of America, by and through James A. McDevitt, United States Attorney for the Eastern District of Washington, and Aine Ahmed, Assistant United States Attorney for the Eastern District of Washington, respectfully submits the following memorandum in support of its Motion in Limine.

**Punishment**:

The United States first moves that the Defendant and any other witness be barred from discussing before the jury any possible term of imprisonment that the Defendant may face if convicted.

The jury has no sentencing function and should reach its verdict without regard to what sentence might be imposed. Rogers v. United States, 422 U.S. 35, 40 (1975). In United States v. Wilson, 506 F.2d 521 (9th Cir. 1974), the defendant argued that, since he faced a statutorily imposed sentence, the trial judge should

United States' Memorandum in Support of Motion in Limine:
Punishment/Mistrial/Discovery - 1
P60112DD.AAE.wpd

not have instructed the jury that punishment was exclusively a matter for the court. The Ninth Circuit held that a jury's role is to determine guilt, the court's role, among many others, is to impose sentence. As the Ninth Circuit explained, "[e]ven if the statutory sentence were mandatory, it is still the exclusive province of the court to pronounce it." Id. at 522.

The function of the jury is to decide the question of guilt or innocence. This determination should be made solely on the evidence and without regard to the possible consequences of the determination. Therefore, knowledge of a mandatory minimum sentence or any other possible sentence should not enter into the jury's deliberation and the jury should receive no information from counsel, the Defendant or Defendant's witnesses as to potential sentencing.

**Mistrial**:

The United States moves that the Court mandate that all Motions for Mistrial be moved for and presented outside the presence of the jury. Such motions may be highly prejudicial to the non-moving party, and often lead to speaking objections.

**Financial Ability**:

The United States moves that the Court order that the Defense Counsel make no reference to the financial ability or to the overall resources of the United States to investigate and/or prosecute this case.

**Discovery**:

That all parties be instructed not to make demands or requests *in the presence of the jury* for matters found or contained in opposing counsel's file, which would include statements, pleadings, photographs, and other documents, nor demand or request a mid-trial document examination, nor ask the other party's witness to conduct any demonstration, or any other unusual requests during the

course of the trial *without first* approaching opposing counsel, then the bench and/or by making such request in chambers, e.g. "I have never seen that exhibit" or "I never received that document in discovery" - such statements being made before the jury. Of note, the Government has previously invited Defense Counsel to review its documents to ensure that the Defendant has all discovery.

**Witnesses**:

The United States moves that counsel be instructed not to tender, read from, or refer to any ex parte statement or report of any person not then and there present in Court to testify and to be cross-examined by counsel for the Plaintiff, and that counsel be instructed not to suggest to the jury by argument or otherwise what would have been the testimony of any witness not actually called. McClanahan v. United States, 230 F.2d 919, 925 (1956).

**Expert Testimony:**

The United States moves that the Court exclude any expert testimony based upon speculation or conjecture. "The adjective 'scientific' implies a grounding in the methods and procedures of science. Similarly, the word 'knowledge' connotes more than subjective belief or unsupported speculation." Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 590 (1993). Expert testimony must be based upon facts and not speculation. Furthermore, speculative questions and answers concerning possible cause damage causing event (i.e., "fire") without competently showing *probability,* or speculating about *possible causes* are improper and inadmissible. Rule 702 requires that expert testimony relate to scientific, technical, or other specialized knowledge, which does not include unsupported speculation and subjective beliefs." Guidroz-Brault v. Missouri Pacific Railroad Co., 254 F.3d 825, 829 (2001) (expert opinion related to the cause of the accident was

United States' Memorandum in Support of Motion in Limine:
Punishment/Mistrial/Discovery - 3
P60112DD.AAE.wpd

inadmissible where it was not supported by the facts and was based on speculation and conjecture).

DATED January 12, 2006.

                    James A. McDevitt
                    United States Attorney

                    *s/Aine Ahmed*

                    Aine Ahmed
                    Assistant United States Attorney

I hereby certify that on January 12, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following, and/or I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant(s):

    Mr. Frank L. Cikutovich
    Stiley & Cikutovich, PLLC
    1408 W. Broadway
    Spokane, Washington 99201

                    *s/Aine Ahmed*

                    Aine Ahmed
                    Assistant United States Attorney