UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | NO. CR-05-0105-LRS |
| v. | **ORDER** |
| RAUL S. ZAVALA, | |
| Defendant. | |

BEFORE THE COURT is Defendant Raul Zavala's Motion to Set Aside Verdict of the Jury (Ct. Rec. 118 [1]), filed on February 3, 2006. The Defendant has been convicted of Possession with Intent to Distribute 500 Grams or More of Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and Use of a Communication Facility to Facilitate the Commission of a Felony, in violation of 21 U.S.C. § 843(b). The jury rendered a guilty verdict on January 25, 2006. Pursuant to Rule 29(c), the Court considered the motion. The motion was timely filed pursuant to Rule 29(c)(1).

/ / /

---

[1]Defendant filed the motion and the supportive memorandum as one document.

ORDER ~ 1

DISCUSSION

STANDARD FOR RULE 29

Rule 29(c) of the Federal Rules of Criminal Procedure states in pertinent part that "[i]f the jury has returned a guilty verdict, the court may set aside the verdict and enter a judgment of acquittal." Fed.R.Crim.P. 29(c).  It is now well settled that the test for determining whether to grant such a motion "is whether at the time of the motion there was relevant evidence from which the jury could reasonably find (the defendant) guilty beyond a reasonable doubt, viewing the evidence in light favorable to the Government." *United States v. Figueroa-Paz*, 468 F.2d 1055, 1058 (9th Cir. 1972); *United States v. Nelson*, 419 F.2d 1237, 1242 (9th Cir. 1969).  In ruling on a Rule 29(c) motion, a district court must bear in mind that "it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts." *Id.* at 1241.

Federal Rule of Criminal Procedure 29(c) allows for a motion for judgment of acquittal within seven days of the jury's discharge. In considering a Rule 29 motion for judgment of acquittal, the evidence against defendant is reviewed in the light most favorable to the government to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Von Willie*, 59 F.3d 922, 928 (9th Cir.1995). All reasonable inferences are drawn in favor of the government. *United States v. Andrino-Carillo*, 63 F.3d 922, 924 (9th Cir.1995), *cert. denied*,516 U.S. 1064, 116 S.Ct. 746, 133 L.Ed.2d 694 (1996).

ORDER ~ 2

The trial in this matter commenced on January 23, 2006. After a three day trial, the jury found Zavala guilty on both counts.

To be found guilty of Possession with Intent to Distribute 500 Grams or More of Methamphetamine in violation of 21 U.S.C. § 841(a)(1) as charged in Count 1, the government was required to prove beyond a reasonable doubt that the Defendant:

(1) knowingly possesses 500 grams or more of a mixture or substance containing methamphetamine; and

(2) that the Defendant possessed it with the intent to deliver it to another person.

Evidence properly admitted at trial shows that Zavala was knowingly in possession of a quantity of methamphetamine, and that his possession was with an intent to deliver it to another person. This evidence included testimony of phone calls made to Zavala to further drug trafficking, Zavala's drive in the pearl white Escalade to a prearranged destination, the methamphetamine found in the shoe box in his vehicle, and the confidential informant (CI) Luis Partida's testimony. This evidence, viewed in light of evidence of Zavala's conduct on the afternoon of the attempted drug sale, is a sufficient basis to support the jury's verdict on possession with intent to deliver charge.

To be found guilty of Use of a Communication Facility to Facilitate the Commission of a Felony, in violation of 21 U.S.C. § 843(b) as charged in Count 2, the government was required to prove beyond a reasonable doubt that the Defendant: knowingly or intentionally used a telephone to help bring about the possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine charge in Count 1 of the indictment.

ORDER ~ 3

Evidence properly admitted at trial shows that Zavala knowingly or intentionally used a telephone to help bring about the possession with intent to distribute a quantity of methamphetamine as charged in Count 1. In his motion, though, Zavala appears only to dispute whether the Government proved beyond a reasonable doubt that Zavala had knowledge that there was methamphetamine in the vehicle at the time of arrest, not whether it was shown that Zavala used a telephone to bring about the possession with intent to distribute.

A jury may infer the knowledge element of an offense from the evidence. *United States v. Bagby*, 451 F.2d 920, 929 (9th Cir. 1971). The court's jury instruction No. 8 instructs the jury that they may consider evidence of the Defendant's words, acts, omissions, along with all the other evidence in deciding whether Defendant acted knowingly. This instruction permits the drawing of the inference of knowledge by the jury.

The evidence at trial is sufficient to sustain the verdict against him. The evidence proved that Zavala spoke on the telephone with the CI on several occasions prior to the showing up at the prearranged meet location with approximately two pounds of methamphetamine. During at least one of the conversations, the CI talked to Zavala about "girls." Both the CI and several Government witnesses testified that "girls" referred to controlled substances. During another conversation, Zavala informed the CI that he did not want to wait in the parking lot with the methamphetamine. Moreover, two witnesses testified that Zavala's wallet was found inside the box where the drugs were found. This testimony was supported by photographs. The Court finds this evidence sufficient to

ORDER ~ 4

1   sustain the verdict.    As to Defendant's references to alleged
2   inconsistencies in Agent Cummings testimony, the evidence indicated that
3   by the time Agent Cummings had arrived at the scene, the drug and non-
4   drug evidence had already been separated.    Accordingly, for the reasons
5   stated,

6        **IT IS HEREBY ORDERED:**

7        1.    Defendant's Motion to Set Aside Verdict of the Jury (**Ct. Rec.**
8   **118**), filed February 9, 2006, is **DENIED**.

9        **IT IS SO ORDERED.**    The District Court Executive is directed to enter
10  this order and to provide copies to all counsel.

11       **DATED** this   3rd    day of March, 2006.

12                                *s/Lonny R. Suko*

13                       _____
                                    LONNY R. SUKO
14                          United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

ORDER ~ 5