UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NOS.  CR-05-0105-LRS |
| Respondent, | ) | CV-06-0133-LRS |
| | ) | |
| -vs- | ) | |
| | ) | ORDER DENYING 28 U.S.C. §2255 |
| RAUL S. ZAVALA, | ) | MOTION |
| | ) | |
| Petitioner. | ) | |
| | ) | |

Before the Court is Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed May 2, 2006 (Ct. Rec. 137, CR-05-0105, Ct. Rec. 1, CV-06-0133).  The Motion is submitted by Raul S. Zavala, who is appearing *pro se* for the purposes of these proceedings.  Also before the Court are the following miscellaneous motions:  Petitioner's MOTION for Recusal (Ct. Rec. 190); Petitioner's MOTION for Leave to File Excess Pages (Ct. Rec. 192); Petitioner's MOTION to Stay (Ct. Rec. 198); Petitioner's MOTION to Appoint Counsel (Ct. Rec. 200); Petitioner's MOTION for Hearing (Ct. Rec. 201); Petitioner's MOTION for Discovery (Ct. Rec. 202); Petitioner's MOTION for Reconsideration re Ct. Rec. 205 Order (Ct. Rec. 206); and Petitioner's MOTION for Leave to File (Ct. Rec. 207).

///

ORDER - 1

# I. BACKGROUND

Mr. Zavala was indicted on May 10, 2005 for Possession with Intent to Distribute 500 Grams or More of Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and Use of a Communication Facility to Facilitate the Commission of a Felony, in violation of 21 U.S.C. § 843(b).  Mr. Zavala proceeded with trial on January 23, 2006 and the jury rendered a guilty verdict on both counts on January 25, 2006.  On April 18, 2006, Mr. Zavala was sentenced to a mandatory term of life imprisonment on Count 1 and eight years on Count 2; and a special assessment of $200.

Mr. Zavala, through counsel Ms. Lindholdt, filed a direct appeal of his final judgment and sentence on April 24, 2006, pursuant to Fed. R. App. P. 4(b)(1).  On September 20, 2007, the Ninth Circuit Court of Appeals affirmed the district court's decision.  Ct. Rec. 170, 171.  On September 21, 2007, the district court dismissed Petitioner's 28 U.S.C. § 2255 petition without prejudice pursuant to *Feldman v. Henman*, 815 F.2d 1318, 320 (9th Cir. 1987) without considering the merits of the petition.

On March 6, 2009, the Court entered an "Order Re: Miscellaneous Motions," (Ct. Rec. 205) and stayed Petitioner's Motion for Recusal (Ct. Rec. 190) pending the Ninth Circuit Court of Appeal's decision.  On June 6, 2009, the Ninth Circuit transferred Petitioner's petition back to the district court for consideration on the merits (Ct. Rec. 208).

## A. MOTION FOR RECUSAL

The Court has considered Petitioner's "Affidavit of Bias," Ct. Rec. 138 and Petitioner's "Affidavit of Bias in Support of Petitioner's §2255 Motion and Motion For Stay of Proceedings Pursuant to Title 28 U.S.C. §144 of the F.R.Civ.P.," Ct. Rec. 199.

Specifically, this motion is brought pursuant to 28 U.S.C. §144, which addresses the timing and sufficiency of the affidavit regarding bias or prejudice of a judge.

District courts maintain a wide range of discretion to decide whether recusal is required. *See In re United States*, 158 F.3d 26, 30 (1st Cir.1998). Section 455(b)(1) of Title 28 of the United States Code, requires a judge to disqualify himself "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." The standard for determining disqualification does not turn on doubt concerning the judge's impartiality in the mind of the judge or even the litigant, but rather "whether a reasonable person would be convinced the judge was biased." Recusal under section 455(b)(1) is required only if actual bias or prejudice is proved by compelling evidence. Section 455(b)(1) is primarily concerned with knowledge gained outside a courthouse, because knowledge gained in a judicial capacity is typically on the record. However, off the record briefings in chambers, by contrast, leave no trace in the record and could potentially lead to "personal knowledge."

The purpose of section 455(a) is to promote public confidence in the integrity of the judicial process, and that confidence "does not depend on whether or not the judge actually knew of facts creating an appearance of impropriety, so long as the public might reasonably believe that he or she knew." *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988). In applying § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue. *See, e.g., Hall v. Small Business Admin.*, 695 F.2d 175, 179 (5th

Cir.1983).  The test in this circuit is whether an average, reasonable person, knowing all the circumstances, would harbor doubts about the judge's impartiality.  *Milgard Tempering v. Selas Corp. Of America*, 902 F.2d 703, 714 (9th Cir. 1990).

Courts have stressed that "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir.1986) (quoting United States v. Hines, 696 F.2d at 729). The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice. *See, e.g., In re United States*, 666 F.2d 690, 694 (1st Cir.1981); *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir.1986).  Congress expressed concern over abusive invocation of the statute by parties as a means of judge shopping, stating:

> Nothing in this proposed legislation should be read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a "reasonable fear" that the judge will not be impartial. Litigants ought not have to face a judge where there is a reasonable question of impartiality, but they are not entitled to judges of their own choice.

H.Rep. No. 1453, 93d Cong., 2d Sess. 1 (1974), reprinted in 1974 U.S.Code Cong. & Admin. News 6351, 6355.

Generally recusal is unnecessary when the request is based upon 1) rumor, speculation beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters or when based upon 2) the judge's mere familiarity with the defendant(s), or the type of charge, or kind of defense presented.  *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995).

As the First Circuit stated:

> [W]hen considering disqualification, the district court is not to use the standard of "Caesar's wife," the standard of mere suspicion. That is because the disqualification decision must reflect not only the need to secure public confidence through proceedings that appear impartial, but also the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking.

*In re Allied-Signal Inc*., 891 F.2d 967, 970 (1st Cir.1989).

The Court has reviewed the motion for recusal and supporting documentation filed (including affidavits of bias) and finds that the motion lacks merit. Mr. Zavala's Motion For Recusal (Ct. Rec. 190) primarily reargues evidence and testimony which was presented at trial and was, according to Mr. Zavala, improperly permitted to be considered by the jury. Because a number of the Court's rulings were adverse to him, he concludes evidence of bias must be present and he argues that the Court should have precluded admission of testimony from witnesses he believes were not telling the truth. As the record reflects, a number of witnesses testified to the facts surrounding Petitioner's arrest while in possession of a significant quantity of drugs and no new information has been brought forth suggesting that these witnesses should not have been believed or that the conclusions reached by the jury were inappropriate in light of all of the evidence which was considered incident to deciding guilt or innocence.

The applicable test for recusal under the applicable statutes requires the judge to evaluate the sufficiency of the affidavit to determine if there is "bias in fact." *Murray v. International Revenue*

ORDER - 5

*Serv*. 923 F. Supp. 289, 292 (D. Idaho 1986), 923 F. Supp. at 1292 (citing to *Berger v. United States*, 255 U.S. 22 (1921)).  The law is well settled that prior unfavorable rulings do not establish "bias in fact." *Id*. at 1292.

**B. § 2255 MOTION**

Mr. Zavala contends that his sentence is unconstitutional based on fifty-nine (59) grounds: 1)conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure; 2)conviction obtained by use of evidence gained pursuant to an unlawful arrest; 3)conviction obtained by the unconstitutional failure of prosecution to disclose to the defendant evidence favorable to defendant; 4)ineffective assistance of counsel; 5) false statements were given to government agents by a confidential informant; 6) alleged debriefings/notes not produced; 7) unregistered confidential informant; 8) not a true and tried informant; 9) involuntary custodial consent; 10) sealing and recordation requirements; 11) indictment obtained with known perjured testimony; 12) prosecutor failed to inform jury of perjury; 13) perjury by five agents and the confidential informant; 14) prosecutor procured false testimony; 15) tainted testimony; 16) agents failed to secure a warrant; 17) planned warrantless arrest and search; 18) agents had no corroboration; 19) agents had no personal knowledge; 20) reliability of confidential informant; 21) no probable cause; 22) agents had more information, contradicted their belief as to probable cause before arrest; 23) post arrest identification; 24) unlawful seizure; 25) warrantless arrest; 26) warrantless search of vehicle; 27) warrantless search of person; 28)

warrantless search of wallet; 29) warrantless search of phone; 30) warrantless search of Nike box; 31) no exigent circumstances; 32) prosecutorial misconduct; 33) malicious prosecution; 34) prosecutorial vindictiveness; 35) non-expert witnesses; 36) anti-gratuity act exchanging leniency and or immunity for testimony; 37) missing evidence; 38) manipulated evidence; 39) jury composition; 40) jury misconduct; 41) speedy trial right; 42) breaks in chain of evidence; 43) tampering with government witnesses; 44) inaccurate phone transcripts; 45) inaccurate verbatim report of proceedings; 46) eliciting testimony; 47) misleading the jury; 48) authenticity of evidence; 49) cumulative effect; 50) First Amendment violation; 51) Fifth Amendment violation; 52) Eighth Amendment violation; 53) after the alleged fact; 54) abuse of discretion; 55) prosecution obstructed evidence; 56) Fourteenth Amendment violation; 57) the alleged complaint (discrepancy); 58) conspiracy; and 59) additional evidence.  Ct. Rec. 137.

## II. DISCUSSION

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A petitioner is entitled to an evidentiary hearing on the motion to vacate his sentence under 28 U.S.C. § 2255, unless the motions and the files and records of the case conclusively show that the prisoner is

entitled to no relief. This inquiry necessitates a twofold analysis: (1) whether the petitioner's allegations specifically delineate the factual basis of his claim; and, (2) even where the allegations are specific, whether the records, files and affidavits are conclusive against the petitioner. *United States v. Taylor*, 648 F.2d 565, 573 (9th Cir.), cert. denied, 454 U.S. 866 (1981) (internal quotations, citations and footnote omitted).

The statute provides that only if the motion, file, and records "conclusively show that the movant is entitled to no relief" may the Court summarily dismiss the Motion without sending it to the United States Attorney for response. 28 U.S.C. § 2255. The Rules regarding section 2255 proceedings similarly state that the Court may summarily order dismissal of a § 2255 motion without service upon the United States Attorney only "if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court." Rule 4(a), RULES—SECTION 2255 PROCEEDINGS. Thus, when a movant fails to state a claim upon which relief can be granted or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion. *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States,* 772 F.2d 525, 526 (9th Cir. 1985).

The Court finds that the Movant has failed to show a constitutional violation under any of the grounds. The claims he makes, to a significant extent, involve reargument on matters raised at trial and decided adversely to Movant. The Court will, however, discuss the first four grounds as all other grounds thereafter are duplicative,

overlapping, or not articulated with allegations that specifically delineate the factual basis of his claim upon which relief can be granted.

**A. GROUND ONE—EVIDENCE GAINED THROUGH ILLEGAL SEARCH AND SEIZURE**

Mr. Zavala states that his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure. In support of ground one, Mr. Zavala states:

> Defendant while inside vehicle and in a public place is detained without incident in a felony stop manner Defendant surrounded while inside vehicle by agents with their weapons drawn, is forced out of the vehicle, is questioned at gunpoint for his name and his person is searched at gunpoint. Then forced to ground and at same time vehicle being searched. No consent or warrant.

Ct. Rec. 137, at 5.

The Court held a suppression hearing beginning on November 8, 2005 and ending on December 12, 2005 for a total of 6.5 hours. The Court heard testimony from three government witnesses: Sean Cummings, Joe E. Pence, Jr. and Jay Merhing. Ct. Recs. 67, 82. The Court denied Defendant Raul Zavala's Motion to Suppress Evidence Based On Warrantless Search and Lack of Probable Cause in its order issued on December 15, 2005. Ct. Rec. 83. The Court concluded, after hours of testimony, that reliability of the informant and the accuracy of the information supplied was sufficiently established for purposes of showing probable cause to arrest defendant and search Mr. Zavala's Escalade.

Then at the start of trial, the Court considered Mr. Zavala's renewed Motion to Dismiss Indictment with Prejudice; Motion to Suppress Recordings; Motion to Suppress Search and Seisure [sic]; and Motion to Suppress Arrest and Search of Vehicle Due to Lack of Exigent

Circumstances.   The Court again denied these motions. The files and records of this case conclusively show that Mr. Zavala is entitled to no relief on this specific ground.

**B.   GROUND TWO–EVIDENCE OBTAINED UNLAWFUL ARREST**

Mr. Zavala states that his conviction was obtained by use of evidence obtained pursuant to unlawful arrest.   In support of ground two, Mr. Zavala states:

> Defendant in public place and conduct did not constitute a crime Defendant detained without incident, in vehicle, in a felony stop manner, seized, blocked, searched person at gunpoint and questioned for name, vehicle being searched at same time, forced to ground then handcuffed.   Evidence recovered after unlawful arrest was used to establish probable cause.   No warrant, no exigent circumstances, or consent.

Again, as discussed above under ground one, the Court held an extensive suppression hearing wherein it determined that probable cause existed to arrest Mr. Zavala.   Further, the Court reconsidered Mr. Zavala's motions to suppress evidence on the first day of trial. No new evidence has been adduced to suggest that the Court's finding was in error.   Mr. Zavala is not entitled to relief on this claim.

**C.   GROUND THREE–PROSECUTION CONCEALED EXCULPATORY EVIDENCE**

Mr. Zavala states that his conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to him.   In support of ground three, Mr. Zavala states:

> Prosecution deliberately concealed exculpatory, impeaching, and material evidence.   Defense was not aware of other co-defendants of CI, whom charges were dropped, and not provided with prison or jail records, plea agreements or promises.   At trial it is confirmed CI is a liar, commits perjury and testimony is inconsistent. CI testifies promises were made to him by prosecutor and government agent, prosecutor deliberately

failed to learn and deprived defense of favorable evidence.

In response to Defendant Zavala's Motion for Disclosure of Exculpatory Evidence (Ct. Rec. 84) filed December 27, 2005, the government responded that it had provided the Defendant a copy of the CI's plea agreement and that the CI agreed to cooperate in exchange for a downward departure based on substantial assistance. The government also responded that it had also provided the Defendant with a criminal history of the CI and that his identity was already known by Defendant Zavala. In addition, the government informed the defendant that it was calling five witnesses who all work with the Drug Enforcement Agency in a law enforcement capacity.  The government also disclosed it would call a drug chemist and that a chemist's analysis had been provided to the Defendant.  Finally, the government disclosed it would be calling an interpreter who reviewed the tape recordings, and was an expert witness in Spanish/English translation, for the purpose of authenticating the tape recordings of the CI speaking with Defendant Zavala. Ct. Rec. 87.

It is not clear from Mr. Zavala's allegations in this § 2255 Motion what evidence, of an exculpatory nature, was withheld by the prosecutor. The Court concludes that Mr. Zavala is not entitled to relief on this specific ground.

**D.  GROUND FOUR—INEFFECTIVE ASSISTANCE OF COUNSEL**

In addressing the issue of ineffective assistance of counsel, the Court is guided by the now-familiar construct of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As required by that analytical framework:

ORDER - 11

> First, the defendant must show that counsel's
> performance was deficient. This requires showing that
> counsel made errors so serious that counsel was not
> functioning as the "counsel" guaranteed the defendant by
> the Sixth Amendment. Second, the defendant must show
> that the deficient performance prejudiced the defense.
> This requires showing that counsel's errors were so
> serious as to deprive the defendant of a fair trial, a
> trial whose result is reliable.

*Id*. at 687.

In *Groseclose v. Bell*, 130 F.3d 1161, 1167 (6th Cir.1997), discussing the first prong of the *Strickland* analysis, the Sixth Circuit recognized:

> The [Supreme] Court cautioned that in undertaking an
> ineffective-assistance review, "[j]udicial scrutiny of
> counsel's performance must be highly deferential," and
> must avoid the "second-guess[ing of] counsel's
> assistance ..., [as] it is all too easy for a court,
> examining counsel's defense after it has proved
> unsuccessful, to conclude that a particular act or
> omission of counsel was unreasonable." *Strickland*, 466
> U.S. at 689 ...· In order to avoid "the distorting
> effects of hindsight," a reviewing "court must indulge
> a strong presumption that counsel's conduct falls within
> the wide range of reasonable professional assistance;
> that is, the defendant must overcome the presumption
> that ... the challenged action 'might be considered
> sound trial strategy.' ' Id . (citation omitted).

Furthermore, in evaluating the prejudice suffered by a petitioner as a result of alleged ineffective assistance of counsel, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Indeed, "[v]irtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." Id. (citation omitted). Rather, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

Finally, in conducting this inquiry, we need not apply *Strickland*'s principles in a mechanical fashion. As the Supreme Court explained:

> [A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

Id. at 697.

The Court begins its review by either determining whether counsel's performance was deficient, or by determining any possible prejudice suffered by Mr. Zavala. In either event, the result in this case is identical.

According to Mr. Zavala, "[he] was deprived of excercising [sic] his right to effective assistance of counsel by way of unacceptable communication, ill advised, failed to object to issues, failed to submit motions, failed to investigate potential leads, unethical conduct, breach and or break in loyalty, and most of all deception. Mr. Zavala further alleges that "Defendant can't even have a simple and reasonable request granted. Failed to object to the presentation of non-authentic alleged evidence." Ct. Rec. 137, at 6.

Mr. Zavala has not demonstrated under *Strickland* that, considering all the circumstances, counsel's performance fell below the objective standard of reasonableness and so prejudiced him that he was denied a

fair trial and a reasonable probability exists that, but for counsel's conduct, the result would have been different.  *Strickland*, 466 U.S. at 693.

     The record contains no evidence that Mr. Zavala's attorney breached his ethical duty or other duties in representing the Movant.  Based on the information before it, the Court finds that rather than alleged deception and unethical conduct, defense counsel conducted himself with competent professionalism at pre-trial, trial and the sentencing hearing(s).  Given Mr. Zavala's criminal history, and the evidence confronting him, there is no indication that Mr. Zavala was prejudiced, i.e., that he would have received a lesser sentence.

     Federal court review presumes that an attorney is competent and the burden rests upon the defendant to show a constitutional violation.  *United States v. Pierce*, 62 F.3d 818, 833 (6th Cir.1995).  Moreover, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance.  *O'Hara v. Wigginton*, 24 F.3d 823, 827 (6th Cir.1994).  The Court finds that the Movant has not met his burden to show a constitutional violation occurred for relief under ground four.

     The Movant is not entitled to an evidentiary hearing on the motion to vacate his sentence under 28 U.S.C. § 2255.  Additionally, the Court summarily dismisses the Motion without sending it to the United States Attorney for response.  Accordingly,

     **IT IS ORDERED** that:

     1. Mr. Zavala's Motion for Recusal, **Ct. Rec. 190**, which was stayed

pending the Ninth Circuit's decision, is **DENIED** for the foregoing reasons.

2. Mr. Zavala's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed May 2, 2006 (Ct. Rec. 137, CR-05-0105, Ct. Rec. 1, CV-06-0133) is **DENIED.**

3. Mr. Zavala's Motion For Leave to File Excess Pages, **Ct. Rec. 192**, is **GRANTED.**

4. Mr. Zavala's Motion to Stay, **Ct. Rec. 198**, is **DENIED** as MOOT.

5. Mr. Zavala's Motion to Appoint Counsel, **Ct. Rec. 200**, is **DENIED.** The Court finds Petitioner has no difficulty articulating his claims. The Court further finds that the legal issues are not so complex that Petitioner cannot proceed *pro se.* While Petitioner is free to pursue efforts to secure private counsel, the Court has no duty to assist in such efforts where no exceptional circumstances exist. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799, 804 (9th Cir.1986).

6. Mr. Zavala's Motion for Hearing, **Ct. Rec. 201**, is **DENIED,** for the reasons stated above.

7. Mr. Zavala's Motion for Discovery, **Ct. Rec. 202**, is **DENIED**.

8. Mr. Zavala's Motion for Reconsideration to Vacate March 6, 2009 Judgment (Ct. Rec. 205), **Ct. Rec. 206**, is **DENIED,** however, the Court notes that the portions of Ct. Rec. 205 staying various motions pending the Ninth Circuit's decision, are now **MOOT inasfar as the Ninth Circuit has issued its Order dated June 1, 2009.**

Motions for reconsideration serve a limited function. Under the Federal Rules of Civil Procedure, motions for reconsideration may be made pursuant to Rule 59(e). The major grounds for granting a motion to

reconsider a judgment are: (1) intervening change of controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *School District No. 1J, Multnomah County Oregon v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993).  A motion for reconsideration is not appropriately brought to present arguments already considered by the Court.  *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir.1985).  Plaintiff does not argue that there has been a change of controlling law, or that new evidence is available, but expressly argues that the Court committed error of law or fact on the face of the record. Ct. Rec. 206 at 1.

The undersigned judicial officer concludes that "clear error" did not occur in its order re: miscellaneous motions, and there is no "manifest injustice" to the Petitioner from that ruling, and new evidence has not been presented which would change the Court's earlier order. According, there is no basis for reconsideration of the Court's March 6, 2009 Order (Ct. Rec. 205).

9. Mr. Zavala's Motion for Leave to File Supplemental Motion for Reconsideration Pursuant to FRCP 15(d) With Supplemental Authority, **Ct. Rec. 207**, is **DENIED.**  The Ninth Circuit has ruled that the 28 U.S.C. §2255 petition filed in the district court on January 12, 2009 (Ct. Rec. 193) is not a second or successive petition subject to the requirements of 28 U.S.C. §2244(b)(3)(A).  This petition will be decided in a subsequent order.

10.  The District Court Executive is directed to:

(a) File this Order;

ORDER - 16

1        (b) Provide a copy to Movant **AND TO** the United States Attorney,

2   **Spokane, Washington**; and

3        (c) CLOSE CV-06-0133-LRS.

4      **DATED** this 25th day of June, 2009.

5

6                                          *s/Lonny R. Suko*

7                                    _____
                                         LONNY R. SUKO
                                   UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 17