UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Respondent,<br><br>  -vs-<br><br>RAUL S. ZAVALA,<br><br>           Petitioner. | NO.  CR-05-0105-LRS<br>      (CV-06-133-LRS)<br><br>ORDER DENYING 28 U.S.C. §2255 MOTION |

Before the Court is Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed January 12, 2009 (Ct. Rec. 193, which is supported by the Movant's Memorandum, Ct. Rec. 194). The Motion is submitted by Raul S. Zavala, who is appearing *pro se* for the purpose of these proceedings.

### I. BACKGROUND

Mr. Zavala was indicted on May 10, 2005 for Possession with Intent to Distribute 500 Grams or More of Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and Use of a Communication Facility to Facilitate the Commission of a Felony, in violation of 21 U.S.C. § 843(b). Mr. Zavala proceeded with trial on January 23, 2006 and the jury rendered a guilty verdict on both counts on January 25, 2006. On April 18, 2006, Mr. Zavala was sentenced to a mandatory term of life imprisonment on Count 1 and eight years on Count 2; and a special assessment of $200.

///

ORDER - 1

1   Mr. Zavala, through counsel Ms. Lindholdt, filed a direct appeal of
2 his final judgment and sentence on April 24, 2006, pursuant to Fed. R.
3 App. P. 4(b)(1).  The direct appeal of the Petitioner's conviction was
4 denied in a 9th Circuit Memorandum Opinion on June 5, 2007.

5   Before receiving a ruling on the direct appeal, Mr. Zavala, on May
6 2, 2006, filed his first motion to vacate his sentence under 28 U.S.C.
7 § 2255 ("petition") (Ct. Rec. 137).  On June 23, 2006, the Court denied
8 Petitioner's first motion to vacate (Ct. Rec. 151).  On September 20,
9 2007, the Ninth Circuit Court of Appeals affirmed the district court's
10 decision.  Ct. Rec. 170, 171.  On September 21, 2007, the district court
11 dismissed Petitioner's 28 U.S.C. § 2255 petition without prejudice
12 pursuant to *Feldman v. Henman*, 815 F.2d 1318, 320 (9th Cir. 1987) and
13 without considering the merits of the petition.  On March 6, 2009, the
14 Court entered an "Order Re: Miscellaneous Motions," (Ct. Rec. 205) and
15 stayed Petitioner's Motion for Recusal (Ct. Rec. 190) pending the Ninth
16 Circuit Court of Appeal's decision.  On June 6, 2009, the Ninth Circuit
17 transferred Petitioner's first petition back to the district court for
18 consideration on the merits (Ct. Rec. 208).  On June 25, 2009, this Court
19 entered an order denying Petitioner's 28 U.S.C. §2255 petition. (Ct. Rec.
20 209).  The Ninth Circuit, in its Order filed June 1, 2009, ruled that
21 Petitioner's second §2255 petition filed in this Court on January 12,
22 2009 was not a second or successive petition subject to the requirements
23 of 28 U.S.C. §2244(b)(3)(A).  (Ct. Rec. 208).  The Court now considers
24 the merits of Petitioner's January 12, 2009 §2255 petition.
25 ///
26 ///

ORDER - 2

**A. § 2255 PETITION (Ct. Recs. 193, 194)**

Mr. Zavala contends that his sentence is unconstitutional based on eighty-two (82) grounds: 1)inadequate representation during pretrial, trial and post-verdict phase; 2)prosecutor's failure to turn over evidence prior to suppression hearing; 3)ineffective assistance of appellate counsel; 4)trial counsel's conflict of interest violated Petitioner's Fifth and Sixth Amendment Rights; 5) denial of Petitioner's right to testify; 6) whether the inaccurate pretrial and trial transcripts violated Petitioner's Fifth and Sixth Amendment due process rights to effective assistance of Appellate counsel; 7) prosecutor misleading the grand jury; 8) fabrication of investigation reports; 9) deliberate failure to procure an arrest and search warrant; 10) invalid complaint and arrest warrant; 11) prosecutor introduced inadmissible evidence to jury; 12) warrantless arrest; 13) denied right at be present at every stage of trial proceedings; 14) missing and destroyed physical evidence; 15) prosecutor's intentional leading questions prejudiced Petitioner; 16) excessive courtroom security denied Petitioner his Fifth and Sixth Amendment Right; 17) fraud in preparing telephone call transcripts violated due process; 18)fraud in preparing telephone call transcripts violated Fifth and Sixth Amendment Rights; 19) breaks in the chain of evidence deprived Petitioner of a fair trial; 20) Petitioner's unknowing and unintelligible waiver of constitutional rights violated Sixth Amendment and denied him due process rights; 21) government failure to comply with the sealing and recordation requirements under Title 18 U.S.C. § 2518(8)(a); 22) prejudicial composition of jury violated Petitioner's due process rights; 23) admission of unreliable and

inaccurate phone call transcripts violated Petitioner's Fifth Amendment Right to due process; 24) admission of unreliable audio recordings violated Petitioner's Fifth Amendment to due process; 25) perjury by government witnesses violated Petitioner's constitutional rights to a fair trial; 26)outrageous governmental conduct; 27) unconstitutionally obtained 1996 conviction used to enhance Petitioner's sentence under 21 U.S.C. §851(a)-(e) violated Petitioner's due process rights; 28) unconstitutionally obtained 1998 conviction used to enhance Petitioner's sentence under 21 U.S.C. §851(a)-(e) violated Petitioner's due process rights; 29) prosecutorial misconduct violated Petitioner's constitutional rights to due process, effective assistance of counsel and a fair trial; 30)abuse of discretion violated Petition's right to a fair trial; 31) agent's intentional failure to record the statements of the confidential source violated Petitioner's rights under the Jencks Act; 32) Failure to comply with Petitioner's right to initial appearance under Fed.R.Crim.P. Rule 5(a) prejudiced Petitioner and violated rights to due process; 33) government's failure to comply with Fed.R.Crim.P. Rule 16(a)(1)(F)-(G) prejudiced Petitioner and violated due process; 34) failure to comply with mandates of Fed.R.Crim.P. Rule 32(b)(6)(A)(B) and (c)(1)(2)(3) violated Petitioner's due process rights; 35) failure to comply with Fed.R.Evid. 103 prejudiced Petitioner and violated due process rights; 36) failure to comply with Fed.R.Evid. 104 prejudiced Petitioner and violated due process rights; 37)failure to comply with Fed.R.Evid. 105 prejudiced Petitioner and violated due process rights; 38)failure to comply with Fed.R.Evid. 106 prejudiced Petitioner and violated due process rights; 39) failure to comply with Fed.R.Evid. 402 prejudiced

Petitioner and violated due process rights; 40) failure to comply with Fed.R.Evid. 403 prejudiced Petitioner and violated due process rights; 41) false statements by the prosecution, under 18 U.S.C. §1001 violated Petitioner's due process rights; 42) admission of evidence of prior bad acts under Fed.R.Evid. 404(b) prejudiced Petitioner and violated his due process rights; 43) admission of evidence of prior bad acts under Fed.R.Evid. Rule 405(a)(b) prejudiced Petitioner and violated his due process rights; 44) failure to comply with Fed.R.Evid. Rule 406 prejudiced Petitioner and violated due process rights; 45) failure to comply with Fed.R.Evid. Rule 410 prejudiced Petitioner and violated due process rights; 46) failure to comply with Fed.R.Evid. Rule 602 prejudiced Petitioner and violated due process rights; 47) failure to comply with Fed.R.Evid. Rule 604 prejudiced Petitioner and violated due process rights; 48) failure to comply with Fed.R.Evid. Rule 606(b) prejudiced Petitioner and violated due process rights; 49) failure to comply with Fed.R.Evid. Rule 608(a)(b) prejudiced Petitioner and violated due process rights; 50) failure to comply with Fed.R.Evid. Rule 609 prejudiced Petitioner and violated due process rights; 51) failure to comply with Fed.R.Evid. Rule 611(c) prejudiced Petitioner and violated due process rights; 52) failure to comply with Fed.R.Evid. Rule 613(a)(b) prejudiced Petitioner and violated due process; 53) failure to comply with Fed.R.Evid. Rule 614(a)(b)(c) prejudiced Petitioner and violated due process rights; 54) failure to comply with Fed.R.Evid. Rule 615 prejudiced Petitioner and violated due process rights; 55) failure to comply with Fed.R.Evid. Rule 701 prejudiced Petitioner and violated due process rights; 56) failure to comply with Fed.R.Evid. Rule 702

prejudiced Petitioner and violated due process rights; 57) failure to comply with Fed.R.Evid. Rule 703 prejudiced Petitioner and violated due process rights; 58) failure to comply with Fed.R.Evid. Rule 704(a)(b) prejudiced Petitioner and violated due process rights; 59) failure to comply with Fed.R.Evid. Rule 705 prejudiced Petitioner and violated due process rights additional evidence; 60) failure to comply with Fed.R.Evid. Rule 803 prejudiced Petitioner and violated due process rights; 61) failure to comply with Fed.R.Evid. Rule 804(a)(b) prejudiced Petitioner and violated due process rights; 62) failure to comply with Fed.R.Evid. Rule 805 prejudiced Petitioner and violated due process rights; 63) failure to comply with Fed.R.Evid. Rule 806 prejudiced Petitioner and violated due process rights; 64) failure to comply with Fed.R.Evid. Rule 807 prejudiced Petitioner and violated due process rights; 65) failure to comply with Fed.R.Evid. Rule 901(a)(b) prejudiced Petitioner and violated due process rights; 66) failure to comply with Fed.R.Evid. Rule 902 prejudiced Petitioner and violated due process rights; 67) failure to comply with Fed.R.Evid. Rule 1002 prejudiced Petitioner and violated due process rights; 68) failure to comply with Fed.R.Evid. Rule 1003 prejudiced Petitioner and violated due process rights; 69) failure to comply with Fed.R.Evid. Rule 1004 prejudiced Petitioner and violated due process rights; 70) Petitioner's constitutional right to a public trial was violated; 71) failure to comply with Fed.R.Evid. Rule 1005 prejudiced Petitioner and violated due process rights; 72) failure to comply with Fed.R.Evid. Rule 801(d)(1)(B) prejudiced Petitioner and violated due process rights; 73) government agent Joseph Pence's uttering to the testifying key witness violated due

ORDER - 6

process rights and a fair trial; 74) failure to comply with Fed.R.Civ.P. 26(a)(2)(B) prejudiced Petitioner and violated due process rights; 75) failure to comply with "missing witness rule" prejudiced Petitioner and violated his due process rights; 76) racial exclusion of the jury venire violated Petitioner's Fifth and Sixth Amendment rights; 77) dismissal of juror Number Three prejudiced Petitioner's Fifth and Sixth Amendment rights; 78) trial court's failure to properly instruct the jury violated Petitioner's Fifth and Sixth Amendment rights; 79) jury's reliance on extrinsic evidence violated Petitioner's Fifth and Sixth Amendment rights; 80) prosecution's team's violation of Title 18 U.S.C. §241 violated Petitioner's Fifth and Sixth Amendment rights; 81) prosecution's team's violation of Title 18 U.S.C. §1519 violated Petitioner's Fifth and Sixth Amendment rights; and 82) the cumulative errors prejudiced Petitioner's due process rights to a fair trial. Ct. Rec. 194-2, pp. 32-193.

Petitioner additionally requests leave of the court to: 1) amend and supplement his timely filed §2255 motion; 2) conduct an evidentiary hearing; and 3) issue a writ of habeas corpus to direct Respondent to release Petitioner from custody. Petitioner argues that he has "been deprived of an approximate total of more than six months from his mandatory one year grace period in which to file his §2255 Motion." Ct. Rec. 194 at 29. This is apparently why Petitioner requests leave to amend his 210-page petition. The Court notes, however, that it has previously considered the first part of Petitioner's §2255 petition, which included 59 grounds, for a total of 141 alleged grounds of constitutional

violations in the two §2255 petitions that will have been considered by this Court on the merits.

## II. DISCUSSION

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A petitioner is entitled to an evidentiary hearing on the motion to vacate his sentence under 28 U.S.C. § 2255, unless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief. This inquiry necessitates a twofold analysis: (1) whether the petitioner's allegations specifically delineate the factual basis of his claim; and, (2) even where the allegations are specific, whether the records, files and affidavits are conclusive against the petitioner. *United States v. Taylor*, 648 F.2d 565, 573 (9th Cir.), cert. denied, 454 U.S. 866 (1981) (internal quotations, citations and footnote omitted).

The statute provides that only if the motion, file, and records "conclusively show that the Petitioner is entitled to no relief" may the Court summarily dismiss the Motion without sending it to the United States Attorney for response. 28 U.S.C. § 2255. The Rules regarding section 2255 proceedings similarly state that the Court may summarily order dismissal of a § 2255 motion without service upon the United States

ORDER - 8

Attorney only "if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the Petitioner is not entitled to relief in the district court." Rule 4(a), RULES-SECTION 2255 PROCEEDINGS. Thus, when a Petitioner fails to state a claim upon which relief can be granted or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion. *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States,* 772 F.2d 525, 526 (9th Cir. 1985).

The Court finds that the Petitioner has failed to show a constitutional violation under any of the grounds. Many of the claims he makes involve conclusory statements lacking any argument whatsoever to support the ground. The Court will address each ground insofar as it is supported by legal argument. The Court will disregard any grounds that are duplicative, overlapping, or not articulated with allegations that specifically delineate the factual basis of his claim upon which relief can be granted.

**A.  GROUNDS ALLEGING INEFFECTIVE ASSISTANCE OF COUNSEL**

Mr. Zavala states that he received inadequate representation during the pretrial, trial and post-verdict phases, violating his rights to effective assistance of counsel under the U.S. Constitution. Petitioner lists numerous alleged deficiencies by trial and appellate counsel. For instance Petitioner states that "trial counsel, with defective advice, deceit, and lies, induced Petitioner to submit to interviews that later resulted in interrogations to Petitioner." Ct. Rec. 194 at 34. Further, Petitioner alleges that trial counsel failed to properly litigate his warrantless arrest during his probable cause hearing under the Fourth

Amendment. *Id*. at 35. Petitioner further asserts that trial counsel's allegedly unsuccessful efforts to induce him to plead guilty resulted in "massive violations" of Petitioner's constitutional rights. *Id*. at 36. Mr. Zavala further alleges trial counsel failed to call and cross-examine Agent Jack Rosenthal concerning his participation in the arrest of the Petitioner. *Id*. Petitioner further complains that trial counsel failed in challenging "the Agent's intrusion in his liberty" and to argue the *Terry* stop rule.  *Id.* at 37.

Petitioner also argues that trial counsel failed to call potential witnesses and investigate certain individuals.  Mr. Zavala does not explain, however, how or why these certain individuals, unknown to the Court, would have affected or changed the outcome of his trial. Petitioner further alleges that trial counsel was ineffective due to conflicting interests involving previous representation of a government witness.  Petitioner also alleges that trial counsel failed to keep him informed of the developments of the case and failed to have Petitioner present during the November 7, 2005 evidentiary pretrial conference and the conflict of interest hearing on January 19, 2006.  Additionally, Petitioner states that trial counsel was ineffective for his "complete failure to challenge and move to dismiss the indictment."  Ct. Rec. 194 at 41.

Petitioner further alleges that trial counsel failed to investigate whether the Drug enforcement Agency ("DEA") complied with the Department of Justice ("DOJ") confidential informant guidelines.   Id. at 42. Petitioner also alleges that trial counsel failed to request and pursue a fingerprint analysis.  Trial counsel allegedly failed to develop facts

ORDER - 10

of the warrant and warrantless arrest. Id. at 43. Petitioner alleges many more deficiencies of his counsel, however, Petitioner fails to show that one or all of these errors had some conceivable effect on the outcome of the proceeding.

In addressing the issue of ineffective assistance of counsel, the Court is guided by the now-familiar construct of *Strickland*, which the Petitioner acknowledges is the relevant standard. Ct. Rec. 194 at 32. As required by that analytical framework:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. at 687.

Establishing these two elements is not easy: "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir.1995) (en banc) (*quoting Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir.1994)).

In *Groseclose v. Bell*, 130 F.3d 1161, 1167 (6th Cir.1997), discussing the first prong of the *Strickland* analysis, the Sixth Circuit recognized:

> The [Supreme] Court cautioned that in undertaking an ineffective-assistance review, "[j]udicial scrutiny of counsel's performance must be highly deferential," and must avoid the "second-guess[ing of] counsel's assistance ..., [as] it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466

ORDER - 11

> U.S. at 689. In order to avoid "the distorting effects of hindsight," a reviewing "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action 'might be considered sound trial strategy."' *Id*. (citation omitted).

Furthermore, in evaluating the prejudice suffered by a petitioner as a result of alleged ineffective assistance of counsel, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Indeed, "[v]irtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id*. (citation omitted). Rather, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Finally, in conducting this inquiry, the Court need not apply *Strickland's* principles in a mechanical fashion. As the Supreme Court explained:

> [A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

*Id*. at 697.

ORDER - 12

The Court begins its review by either determining whether counsel's performance was deficient, or by determining any possible prejudice suffered by Mr. Zavala. In either event, the result in this case is identical.

The record contains no evidence that Mr. Zavala's attorney(s) breached ethical or other duties in representing Petitioner. Based on the information before it, the Court finds that rather than the many alleged errors, deception and unethical conduct, defense counsel conducted himself with competent professionalism at pre-trial, trial and the sentencing hearing(s).

To prevail on a claim of ineffective assistance of counsel, a petitioner must show both (1) that the attorney's performance fell below an objective standard of reasonableness; and (2) that the performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. 466 U.S. at 689. To establish the second prong of the *Strickland* test, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. 466 U.S. at 694.

Ineffectiveness will generally not be found where the conduct the Petitioner complains of represents an exercise of his or her attorney's discretion as to tactics or strategy, as long as the attorney made a reasoned choice. The record supports a finding that counsel made a reasoned choice as to the strategy implemented. Further, given Mr. Zavala's criminal history, and the evidence confronting him, there is no

indication that Mr. Zavala was prejudiced, i.e., that he would have received a lesser sentence.

The Court finds that trial counsel was performing within the objective standard of reasonableness by not pursuing what Movant alleges he should or should not have done. The Court therefore rejects Mr. Zavala's arguments and concludes that defense counsel's performance based on the factually unsupported allegations which Petitioner asserts was not deficient. There is no showing that counsel's efforts were not those of a reasonably competent practitioner. Mr. Zavala points to no deficient performance by counsel which prejudiced his case or deprived him of an opportunity to have a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In summary, none of Petitioner's contentions concerning the effectiveness of his trial or appellate counsel have merit.

**B. GROUNDS RELATING TO EVIDENCE AND PROSECUTORIAL MISCONDUCT**

Petitioner argues the prosecutor's alleged failure to turn over evidence prior to suppression hearing violated his Fifth Amendment right to due process and Sixth Amendment to effective assistance of counsel. Ct. Rec. 194 at 61. Petitioner alleges that the prosecutor failed to disclose numerous items to Petitioner. Petitioner states that the prosecutor failed to disclose the "true nature of its dealings with its key witness" CS Partida. Petitioner, however, does not explain what the nondisclosure was specifically or how it affected the outcome. Petitioner further alleges that the prosecutor allegedly failed to disclose a government witness named Victor Zavala. Petitioner alleges that Victor Zavala was induced by the prosecutor or the DEA agents into

ORDER - 14

allegedly fabricating a statement against him. Ct. Rec. 194 at 71. Petitioner does not explain how this affects the outcome of his case; he only speculates that Victor Zavala allegedly fabricated lies to secure leniency.

Petitioner also alleges that the audio recordings between CS Partida and Mr. Buchanan and all information and documents concerning CS Partida and female named "Rosa" were not disclosed. Id. at 72. Petitioner does not state which documents and/or information was withheld and makes no showing that these claims are factually supported. These claims are therefore denied.

**C. REMAINING GROUNDS**

The Petitioner in his current and earlier filings extending three years prior hereto alleges 141 grounds of constitutional violations, wherein the Petitioner has repeatedly asserted the same or similar legal conclusory allegations. In particular, the current petition asserts claims similar to many previously raised in the first petition, filed in May 2006.

Petitioner has not established cause and prejudice in his grounds. For instance, Petitioner alleges in Ground 69 "failure to comply with Fed.R.Evid. Rule 1004 prejudiced Petitioner and violated due process rights." Petitioner, however, does not say who failed to comply with Rule 1004, how this rule was not followed, and how it affected his sentence. Such is also the case for nearly every ground alleged. He makes numerous broad allegations against the prosecutor, witnesses, transcript preparers, the government, government agents, trial court, jury, and others unknown. These broad allegations include, but are not

ORDER - 15

limited to claims of "failure to comply" by persons unknown, "abuse of discretion," "fraud," "deliberate failure to comply," "missing and destroyed physical evidence," "violation of due process rights," "conflict of interest," "jury's reliance on extrinsic evidence," and "the inaccurate pretrial and trial transcripts." Petitioner merely states his contentions with no additional description or supporting facts.  His alleged grounds are completely conclusory.

**D.  LEGAL STANDARDS**

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.' " *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255) (emphasis in original). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotation omitted), *cert. denied*, 520 U.S. 1269, 117 S.Ct. 2444, 138 L.Ed.2d 203 (1997). To earn the right to a hearing, therefore,

the movant must make specific factual allegations which, if true, would entitle him to relief. *Id*. Mere conclusory statements in a section 2255 motion are insufficient to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir.1980), *cert. denied*, 451 U.S. 938, 101 S.Ct. 2018, 68 L.Ed.2d 325 (1981).

### E.  EVIDENTIARY HEARING AND OTHER REQUESTS

Petitioner requests that the Court conduct an evidentiary hearing. Under § 2255, the court shall hold an evidentiary hearing on a petitioner's motion "unless the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The standard for holding an evidentiary hearing is whether the petitioner has made specific factual allegations that, if true, state a claim on which relief could be granted. *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir.1984). The Ninth Circuit has clarified, however, that "[m]erely conclusory statements in a § 2255 motion are not enough to require a hearing." *United States v. Johnson*, 988 F.2d 941, 945 (*citing United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir.1980), *cert. denied*, 451 U.S. 938, 101 S.Ct. 2018, 68 L.Ed.2d 325 (1981)). The Court finds the Petitioner's allegations are conclusory and unsupported by specifics. There is no indication of how Movant comes to the conclusions he makes in his numerous grounds of constitutional violations. Accordingly, the Court finds that it plainly appears from the face of his § 2255 Motion, together with the transcripts, and the record of the prior proceedings, that Mr. Zavala is not entitled to relief under 28 U.S.C. § 2255.

Petitioner's request for leave of the court to amend and supplement his file §2255 motion is denied. Petitioner has been afforded an adequate opportunity to present a cognizable claim. Petitioner's request to direct Respondent to release Petitioner from custody is denied. Additionally, the Court summarily dismisses the petition without sending it to the United States Attorney for response. Accordingly,

**IT IS ORDERED** that:

1. Mr. Zavala's Motion to Vacate, Set Aside, or Correct Sentence, **Ct. Rec. 193**, filed January 12, 2009, is **DENIED** for the foregoing reasons.

2. Mr. Zavala's Motion to Clarify, filed August 18, 2009, Ct. Rec. 218, is **DENIED.**

3. Mr. Zavala's Motion to Stay, **Ct. Rec. 219**, is **DENIED AS MOOT**.

4. Mr. Zavala's Motion to Appoint Counsel, **Ct. Rec. 222**, is **DENIED**. The Court finds Petitioner has no difficulty articulating his claims. The Court further finds that the legal issues are not so complex that Movant cannot proceed *pro se*. While Movant is free to pursue efforts to secure private counsel, the Court has no duty to assist in such efforts where exceptional circumstances are lacking. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799, 804 (9th Cir.1986).

5. The District Court Executive is directed to:

(a) File this Order;

///
///
///
///

ORDER - 18

(b) Provide a copy to Petitioner **AND TO** the United States Attorney, **Spokane, Washington**; and

(c) Close the file.

**DATED** this 4th day of December, 2009.

*s/Lonny R. Suko*

LONNY R. SUKO
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 19