**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WASHINGTON**

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

RAUL S. ZAVALIA
　　　　　Petitioner,

FEB 0 5 2010

JAMES R. LARSEN
＿＿＿＿＿＿＿＿＿＿DEPUTY
SPOKANE, WASHINGTON

vs.

Docket No.: CR-05-0105-LRS
Docket No.: CV-~~06-133~~-LRS
　　　　CV 09-0013-LRS

UNITED STATES OF AMERICA
　　　　　Respondent.
＿＿＿＿＿＿＿＿＿＿＿＿＿＿/

**PETITIONER'S REQUEST FOR CERTIFICATE OF**
**APPEALABILITY PURSUANT TO TITLE 28 U.S.C. § 2253**

Comes Now Petitioner Raul Zavala with this his Request for Certificate of Appealability on the District Court denial of his Title 28 U.S.C. § 2255 and in support provides as follows:

1. Petitioner presents that the District Court's decision of December 4, 2009 should be granted a Certificate of Appealability to allow the Ninth Circuit Court of Appeals to review numerous issues that were not resolved in the Title 28 U.S.C. § 2255 as presented herein.

2. Furthermore, the granting of the Certificate of Appealability will allow the Appellate Court to review in detail the issues that were not contested as a result of the sworn affidavits that were presented by Petitioner in the Court's failure to allow the government to provide a proper response.

3. Also, the issues to be raised in the Certificate of Appealability not only address the constitutional violations not addressed by the Court in the original Title

1

28 U.S.C. § 2255 but also the procedural violations not addressed by the Court in the same pleading.

**I. Standard of Review for Granting a Certificate of Appealability**

Before a Petitioner can appeal the denial of his 2255 Petition, he must first show a violation of a substantial constitutional right.

Specifically, Title 28 U.S.C. Section 2253(c)(1) reads:

(a) In a habeas proceeding or a proceeding under section 2255 before a District Judge, the final order shall be subject to review, on appeal, by the Court of Appeals for Certificate of Appeals for the circuit in which the proceeding is held.

* * * * *

(c)(1) Unless a Circuit Justice or Judge Issues a Certificate of Appealability an appeal may not be taken to the Court of appeals from –

(B) The final order in a proceeding under section 2255;

(2) A Certificate of Appelability may issue under paragraph;

(1) Only if the applicant has made a substantial showing of the denial of a constitutional right.

*Id.* 28 U.S.C. Section 2253

Section 2253(c)(3) most likely means that the circuit court may consider only those claims indicated in the Certificate of Appealability. *See, e.g., Sylvester v. Hanles*, 140 F.3d 713, 716 (7th Cir. 1998)(appellate review limited to issues specified in certificate of appealability); *Carter v. Hopkins*, 151 F.3d 872, 874 (8th Cir. 1998) (same); *Ross v. Ward*, 165 F.3d 793, 797 (10th Cir. 1999)(appellate review limited to issues specified in certificate of appealability absent substantial showing of denial of

constitutional right); *Murray v. United States,* 145 F.3d 1249, 1250 (11th Cir. 1998)(per curiam)(appellate review limited to issues specified in certificate of appealability). *See, e.g. United States v. Sanders,* 157 F.3d 302, 304 (5th Cir. 1998)(district court's findings of fact are reviewed for clear error); *Gray-Bey v. United States,* 156 F.3d 733, 737 (7th Cir. 1998)(same); *United States v. Mett,* 65 F.3d 1531, 1534 (9th  Cir. 1995)(same). A finding that the district court's factual findings are clearly erroneous is not common. *But see, e.g. United States v. Arellanes,* 767 F.2d 1353, 1357 (9th Cir. 1985)(magistrate judge's findings that no factual issues in dispute clearly erroneous when manifest contradictions existed between statements at plea hearing and written embodiment: remanded for evidentiary hearing).

## ARGUMENT

### A CERTIFICATE OF APPEALABILITY SHOULD BE GRANTED TO ALLOW THE NINTH CIRCUIT COURT OF APPEALS TO DETERMINE WHETHER THE DISTRICT COURT ERRED IN NOT GRANTING AN EVIDENTIARY HEARING OR AT A MINIMUM ALLOWING THE GOVERNMENT TO FILE A RESPONSE PRIOR TO MAKING A DETERMINATION IN PETITIONER'S CASE

Petitioner presents, that the District Court erred, in failing to allow the government and prior counsel to provide a response to the allegations raised in his Title 28 U.S.C. § 2255 petition especially when the allegations raised by Petitioner in the District Court contained multiple sworn uncontested affidavits that are not part of the "records and files before this Court."

In *Strickland v. Washington*, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984), the Supreme Court established a two prong test to govern ineffective assistance of counsel claims. To obtain reversal of a conviction or to vacate a sentence based on ineffective assistance of counsel the defendant must show: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's objectively unreasonable performance, the result of the proceeding would have been different. *Id.* 466 U.S. at 688-689; *Williams v. Taylor*, 120 S.Ct. 1495, 1512-16; 146 L.Ed.2d 389 (2000).

The Court added that,

> "... strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make a reasonable and proper decision that makes particular investigations unnecessary." *Id.*

4

Two years after its *Strickland* decision, the Court reaffirmed that this portion of the decision sets forth what test can be made in evaluating whether counsel was within the range of "reasonable professional assistance", or fell below an objective standard of reasonableness.[1] *Kimmelman v. Morrison*, 477 U.S. 365, 385-387, 91 L.Ed.2d 305, 106 S.Ct. 2574 (1986). *See also*: *Williams v. Taylor*, 120 S.Ct. 1495, 1512-16, 146 L.Ed.2d 389 (2000).

The Supreme Court noted that,

"a single, serious error may support a claim of ineffective assistance of counsel." *Id. Kimmelman v. Morrison*, 477 U.S. at 384.

The Court added that this "single serious error" could cause counsel's performance to fall "below the level of reasonable professional assistance", even where, "counsel's performance at trial was "generally creditable enough", and even where counsel had made "vigorous cross-examination, attempts to discredit witnesses, and [an] effort to establish a different version of the facts." *Id.* 477 U.S. at 386

In writing for the majority in *Strickland v. Washington*, 466 U. S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984), Justice O'Connor stated the general rule that, actual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice." *Id.* 466 U.S. at 693, 80 L.Ed.2d at 697

---

[1] This presupposes, for the instant argument, that the defendant provided counsel with complete and accurate information and did not place any restrictions on counsel's strategy. *Id. Strickland v Washington*, 466 U.S. at 691.

More specifically, Justice O'Connor set forth the now well known statement of the test for "prejudice" in claims of actual ineffectiveness of counsel as:

"The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

*Id.* 466 U.S. at 695, 80 L.Ed.2d at 698

While the Court noted the government's, perhaps natural, inclination to argue that attorney error is harmless unless the defendant can show that "counsel's deficient conduct more likely than not altered the outcome of the case", the Court specifically and explicitly rejected this argument by the government.

In rejecting any outcome determinative test such as that employed in Federal Rule of Criminal Procedure 33 analysis, the Court stated:

The result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome.

*Id. Strickland v. Washington,* 466 U.S. at 694; *Williams Taylor,* 120 S. Ct. 1495, 1519, (2000)[2]

---

[2] *See also United States v. Day,* 969 F.2d 39, 45 and [n.3] (3rd Cir. 1992) (same) and *United States v. Loghery,* 908 F.2d 1014, 1018-1020 (D.C. Cir. 1990) (same). While some Courts have held that *Lockhart v. Fretwell,* 506 U.S. 364, 373, 122 L.Ed.2d 180, 189, 113 S.Ct. 838 (1993) modified *Strickland* "to require a separate inquiry into fundamental fairness even when [Petitioner] is able to show that his lawyer was ineffective and that his ineffectiveness probably affected the outcome of the proceeding", *Williams v. Taylor,* 120 S. Ct, 1495, 1512-16, 146 L. Ed. 2d 389 (2000), this construction of *Lockhart v. Fretwell,* was specifically addressed and rejected by the Supreme Court in *Williams v. Taylor.* The Supreme Court's holding in *Lockhart v. Fretwell,* was limited to circumstances where the "different outcome" would be contrary to the law. *Id.* As Justice O'Connor carefully pointed out in *Lockhart v. Fretwell,*:

"... today's decision will, in the vast majority of cases, have no effect on the prejudice inquiry under *Strickland.* The determinative question - whether there is 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different' ... remains unchanged," *Id.* 506 U.S. at 373 (O'Connor) (concurring).

The Court further specifically rejected the application of the "actual prejudice" standard of *United States  v. Frady*, 456 U.S. 152, 71 L.Ed.2d 816, 102 S.Ct. 1584 (1982), to claims of ineffective assistance of counsel, with the following admonishment:

> "The principles governing ineffectiveness claims should apply in federal collateral proceedings as they do on direct appeal or in motions for a new trial. As indicated by the 'cause and prejudice' test for overcoming procedural waivers of claims of error, the presumption that a criminal judgment is final is at its strongest in collateral attacks on that judgment. *See United States v. Frady*, 456 U.S. 152, 162-169, 71 L.Ed.2d 816, 102 S.Ct. 1558 (1982). An ineffectiveness claim, however, as our articulation of the standards that govern decision of such claims makes clear, is an attack on the fundamental fairness of the proceedings whose result is challenged. Since fundamental fairness is the central concern of the writ of habeas corpus, *see id.*  at 126, no special standards ought to apply to ineffectiveness claims made in habeas proceedings."

*Id. Strickland*, 466 U.S. at 697-98, 80 L.Ed.2d at 700.[3]

The Court hearing an ineffectiveness claim should consider the totality of the factors which guided the decision maker in the challenged proceeding, then try to determine which factors were or were not "affected" by counsel's errors.

> "Taking the unaffected [factors] as a given, and taking due account of the effect of the errors on the remaining [factors] a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors."

*Id. Strickland v. Washington,* 466 U.S. at 696, 80 L.Ed2d at 699

The District Court has never addressed whether any of the allegations raised in the Title 28 U.S.C. § 2255 can be attributed to any "strategic reasons" of counsel's actions.

---

[3] *See Kimmelman v. Morrison*, 477 U.S. at 375, 393 and [n.1] (demonstration of "a reasonable probability" that the verdict would have been different constitutes "actual prejudice" in claims of actual ineffective assistance of counsel); *Oshorn v. Shillinger*, 861 F.2d 612, 626 and [n.13] (10th Cir. 1988) (same); *Smith v. United States*, 871 F.Supp. 251, 255 (ED. Va. 1994) (same).

Although some of Petitioner's claims could have been supported with substantial case law and direct references to the records of this case, the District Court at a minimum should have allowed the government to provide an ample response to the allegations raised in the Title 28 U.S.C. § 2255. In fact, the District Court rendered a decision on this case without considering the multiple affidavits that were filed by Petitioner in support of his Title 28 U.S.C. § 2255.

The filing of the affidavits, clearly established that the ineffective assistance of counsel claims were properly presented before the Court however the record before this Court does not directly contest the affidavits presented by Petitioner in support of his Title 28 U.S.C. § 2255.

Furthermore, the District Court summarily order is in direct conflict with the Federal Rules of Title 28 U.S.C. Section 2255. Specifically, Rule 4(b) of the Federal Rules of Title 28 U.S.C. Section 2255 states in pertinent part:

(b) initial consideration by Judge. The motion, together with all of the files, and the records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the Judge to whom it is assigned. If it plainly appears from the fact of the motion and any annexed exhibits and the prior proceeding in the case that the movant is not entitled to relief in the District Court, the Judge shall make an order for its summary dismissal and cause the movant to be notified. ***Otherwise, the Judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the Court or to take such other action that the Judge deems appropriate.***

*Id.* Rule 4(a), Title 28 U.S.C. Section 2255

The facts raised in the claims and in the sworn affidavits filed as exhibits in the motions, were uncontested by the government, nor can they be disproved by the records of this case. For example, relating to issue one where counsel failed to

argue for a proper "Terry Stop", Petitioner specifically quoted the current standard of review before this Court as in *United States v. Alvarez,* 899 F.2d 833 (9th Cir. 1990). That allegation, that counsel was ineffective for his failure to challenge the agent's intrusion into Petitioner's liberty, has not been addressed by the Court. Issue number four addressed whether trial counsel's conflict of interest, violated Petitioner's Fifth and Sixth amendment rights. As this Court is aware, an issue of a conflict of interest is an automatic issue that should be addressed not only by the government, and an affidavit from counsel as well, but possibly via an evidentiary hearing. All that was required from Petitioner to succeed is to establish that counsel took an action on behalf of one client and that the action adversely affected the defense of the other. See *United States v. Tatum,* 943 F.2d 370 (4th Cir. 1991) *see also, Cuyler v. Sullivan,* 466 U.S. 335, (1980). The inquiries into whether an actual conflict of interest existed and whether it adversely affected the representation of "fact based inquiries will often be intertwined with each other". *United State v. Swartz,* 975 F.2d 1042, (4th Cir. 1992). The Title 28 U.S.C. § 2255 clearly established in Section 4.1 that prior counsel had previously represented Victor Zavala. Victor Zavala was one of the two government key witnesses in Petitioner's case, and the only co-defendant to the government key witness. At the plea trial conference, a hearing was held for the sole purpose of "ironing out" the conflict of interest surrounding trial counsel's misrepresentations of the government witness Victor Zavala. That issue was never and has never been addressed.

9

The Court's failure to allow the government to address this conflict of interest issue, is per se a reversible error requiring the granting of an evidentiary hearing. There is just absolutely no way for the Court to make a factual determination whether Petitioner's counsel actually labored under a conflict of interest, without first obtaining a response from the government as to their position and a sworn affidavit from prior trial counsel addressing whether the conflict occurred or not.

Also, Petitioner specifically raised in issue five of his Title 28 U.S.C. § 2255 that counsel rendered ineffective assistance when he obstructed Petitioner's right to testify in his defense. As presented herein, not allowing the government to respond to this allegation and not allowing prior counsel to refute the sworn documents and the affidavits along with the detailed contested facts presented in the Title 28 U.S.C. § 2255, are grounds within themselves for the granting of a Certificate of Appealability.

Furthermore, the Certificate of Appealability should be allowed to review the additional issues raised in the Title 28 U.S.C. § 2255. Issue 13 for example, where Petitioner was allegedly denied his right to be present at every stage of the trial proceeding, was not disproved by the documents and records of this case. Quite to the contrary, a clear review of the documents before this Court, [D.E. 66] illustrates that on November 4, 2005 a motion hearing at 6:30 p.m. was set for November 7, 2005. Without notice to Petitioner, and in his absence, the November 7, 2005 hearing was held. In fact, on November 8, 2005 the first part of Petitioner's suppression hearing was addressed by the Court. During that hearing, counsel

10

referred to the November 7, 2005 hearing. Petitioner was not aware that the hearing had occurred and would not have found out if counsel had not mentioned it during the motion to suppress hearing scheduled for November 8, 2005. This issue is a direct violation of Supreme Court's decision in *Lewis v. United States,* 146 U.S. 370 (1982) where the Court stated "a leading of the entire law of criminal procedure is that, after indictment found, nothing shall be done in the absence of the prisoner." This issue which is clearly supported by the records and documents before this Court has not been contested by the government since no response to the allegations was ever provided.

Also, the Court failed to consider issue 20, whether Petitioner's unknowingly waived his constitutional rights to a Speedy Trial. The Supreme Court is currently addressing Speedy Trial violations which may in essence cause the remanding of this case for a new trial. (See *United States v. Bloate,* Docket No. 08-728). In that decision the Supreme Court would decide whether pretrial motions prepared may be excluded, if the Courts specifically grants time for that purpose. The Supreme Court will clarify whether the Eighth Circuit was correct when it held in majority that the District Court properly excluded days from the time that Mr. Bloate's indictment to his trial and therefore there was no violation of the Speedy Trial Act.

The Supreme Court will make a determination whether when time is granted to prepare a pretrial motion if that time is excludable under 18 U.S.C. § 3161(h)(1). In this case, during each of the hearings where a Speedy Trial waiver form was signed for Petitioner, most of them in retrospect, Petitioner does not recall when the Court

entered its finding immediately after the fact, and/or whether any findings of fact were ever entered. This issue, which the Court summarily denied in his Title 28 U.S.C. § 2255, are not disproved by the records and documents before the Court.

The issue regarding the admission of unreliable audio tapes, as raised in Section 24 of the Title 28 U.S.C. § 2255, cannot be disproved by the records and documents before this case. Absent a government response to issue number 24 of the Title 28 U.S.C. § 2255, there is absolutely no way for the Court to make a final determination whether Petitioner's issue merit relief or not. The Court's response to the Title 28 U.S.C. § 2255 does not address whether the Court reviewed the audio tapes that Petitioner is alleging were altered in the preparation of his pleadings. It appeared that the Court summarily denied the issue raised in the Title 28 U.S.C. § 2255 without any review of the record whatsoever.

In fact, the bulk of Petitioner's issues alleging ineffective assistance of counsel claims were never addressed by the Court and only summarily addressed in one paragraph of page 13 of the Court's order. In that paragraph, the Court made the final determination:

> "The Court finds that rather than the many alleged errors, deception and unethical conduct defensive counsel conducted himself with competent professionalism at pretrial, trial, and at the sentencing hearing."

*Id.* Denial of Title 28 U.S.C. Section 2255, Page 13, Paragraph 7.

However, the Court does not go into detail how it reached the conclusion that counsel had acted in the competent and professional manner as the Court alleges. There is no response from the government in this case directly contradicting the

12

allegations raised by Petitioner. There is no sworn affidavit from counsel defending his actions either before this Court or at any prior proceeding before this Court. For all purposes, counsel may actually admit to some of the wrong doings presented in the Title 28 U.S.C. § 2255.

For the Court to summarily accept that counsel acted in a professional manner without granting a hearing, is the equivalent of placing the preverbal "cart before the horse." This Court cannot reach a determination that counsel acted proficiently and professional without first requesting counsel to explain the allegations raised in the Title 28 U.S.C. § 2255.

In fact, the Court takes the position that Petitioner's allegations are "unsupported allegations which Petitioner asserts was not deficient." What the Court fails to consider, is that most of the allegations presented in the Title 28 U.S.C. § 2255 as they affect the ineffective assistance of counsel claims, are supported by the sworn affidavits on the record. Contrary to the Court's position, the government has never provided not even one response to these allegations, nor is there one document on the record before this Court where counsel has defended his position on the allegations raised in the pleadings.

Assuming the possibility that the statements and the affidavits presented by Petitioner may not be true, or, they may be literally true, yet omit other facts or circumstances that make them less significant, the District Court cannot say that the statements are "inherently incredible". See *United States v. Crooker*, 729 F.2d 889 (1st Cir. 1984). Nor are they near "conclusory allegations unsupported by

13

specifics." See *Blackledge v. Allison*, 431 U.S. 63 (1977) and nothing before this Court or the records before this District Court, conclusively contradicts" what Petitioner presents in his sworn affidavits. See *United States v. Butt*, 731 F.2d 75 (1st Cir. 1984). Rather, "the factual allegations ... relate ... primarily to purported occurrences outside the courtroom and upon which the record as it currently stands before this Court cast no real light". *Machibroba v. United States*, 368 U.S. 487 (1962); see *Baumann v. United States*, 692 F.2d 565 (9th Cir. 1982); *United States v. Unger*, 665 F.2d 251 (8th Cir. 1981); *United States v. Marzgliano*, 588 F.2d 395 (3rd Cir. 1978); see also *Bender v. United States*, 387 F.2d 628 (1st Cir. 1967)(counter affidavit from allegedly ineffective attorney, [*which are missing in this case*] "could not conclusively disprove Petitioner's allegation of attorney's extra record misrepresentations.")

Furthermore, the granting of a Certificate of Appealability will allow a reasonable jurist to determine whether the issues should have been addressed in a different manner. Following the Supreme Court's interpretation of *Slack v. McDaniel*, 529 U.S. 473 (2000) determining that the issues of whether a Certificate of Appealability should be granted on an issue where "reasonable jurors could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encourage to proceed further'". *Id.* at 43-84, 120 S.Ct., Page 1595, the granting of a Certificate of Appealability would be appropriate. Petitioner, to show probable cause for appeal, need not show that he would prevail on the merits of his

14

Title 28 U.S.C. § 2255 but he must only show that the issues are "debatable amongst jurists of reason, that the Court could have resolved the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further. See *Barefoot v. Estelle,* 103 S.Ct. 3383 (1983), *reh'g denied* 104 S.Ct. 209 (1983). It is Petitioner's position that a reasonable jurist would debate whether the District Court in failing to consider the sworn affidavits and the direct issues of ineffective assistance of counsel raised in this pleading, should have been addressed in a different manner by the District Court.

Also, assuming that Petitioner's allegations are correct, the Court must hold an evidentiary hearing unless "the records conclusively show that the prisoner is entitled to no relief." *Id.* Title 28 U.S.C. Section 2255 In order for an evidentiary hearing to be granted, or a motion to vacate be granted, the motion must be accompanied by a detailed and specific affidavit which shows that Petitioner had actual proof of the allegations gone beyond mere unsupported assertions. *Kafo v. United States,* 467 F.3d 1063 (7th Cir. 2006)

Once Petitioner makes a "sworn allegation" in a Title 28 U.S.C. § 2255, as he has done herein, the Court must accept the Petition as truthful unless proven otherwise by the records of the case. See *United States v. Alvarez,* 172 Fed. Appx. 587 (5th Cir. 2006)(Alvarez presented a facially adequate claim of ineffective assistance of counsel that involved a contested issue of fact, and contrary to the District Court's determination that Alvarez made no sworn statements to support his claim, Alvarez's Section 2255 motion was made under penalty of perjury and

15

was, therefore, competent evidence that the District Court should have considered. *Id.* Title 28 U.S.C. § 1746; *Hart v. Hairston*, 343 F.2d 762 (5th Cir. 2003)

It is evident from the documents before the District Court that the sworn affidavits alleging several ineffective assistance of counsel claims that occurred outside the courtroom, merit, at a minimum, an explanation from the government and clarification from counsel as to whether the allegations raised in the pleadings are actually truthful and merit any relief.

## CONCLUSION

**WHEREFORE**, Petitioner respectfully prays that this Honorable Court grant this request for Certificate of Appealability on the merits presented herein and that since Petitioner is suffering a substantial violation of his constitutional right to effective assistance of counsel as guaranteed by the Sixth amendment.

Done this 28th day of January, 2010

Respectfully submitted,

Raul Zavala
Reg. # 11174-085
USP Atwater
P.O. Box 017001
Atwater, CA 9530

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY DO CERTIFY that a true and correct copy of this pleading was mailed to: Aine Ahmed, U S Attorney's Office – SPO 920 W Riverside, Suite 300, P O Box 1494, Spokane, WA 99210-149, by placing the same in the Federal Prison Legal Mail Box with sufficient First Class Postage.

Done this 28th, day of Janury 2010

I hereby do certify that pursuant to Penalty of Perjury Title 28 U.S.C. § 1746 that on this 28th day of Janury 2010 I signed and mailed this document via the Federal Bureau of Prisons' Legal Mail System.

Respectfully submitted,

Raul Zavala
Reg. # 11174-085
USP Atwater
P.O. Box 017001
Atwater, CA 95301

17