UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | NO.   CR-05-0105-LRS |
| Respondent, ) | |
| ) | |
| -vs- ) | |
| ) | ORDER DENYING PETITIONER'S |
| RAUL S. ZAVALA, ) | RULE 59(e) MOTION |
| ) | |
| Petitioner. ) | |

This *pro se* matter is before the Court upon Raul S. Zavala's "Motion to Alter or Amend May 10, 2012 Judgment Pursuant to Fed.R.Civ.P. Rule 59(e) (ECF No. 237-38)," filed on June 4, 2012 (ECF No. 239). Petitioner requests that the Court vacate the its May 10, 2012 judgment.[1]  Mr. Zavala also requests that an oral argument be scheduled or "with by and through assistance of counsel."  ECF no. 239 at 10.  The Government did not file a Response.

**II. DISCUSSION**

Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." Fed.R.Civ.P. 59(e).  A motion under Fed.R.Civ.P. 59(e) "should not be granted, absent highly unusual

---

[1] Order Dismissing Motion to Vacate Judgment Pursuant to Rule 60, ECF No. 238.

ORDER - 1

circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir.1999)).

Petitioner argues in his Rule 59(e) motion that there are (3) issues:

(1) "Whether the District Court Committed "Clear Error" in Construing Petitioner's F.R.Civ.P. Rule 60(b) and (d), Motion as Second or Successive Under Gonzalez v. Crosby, 545 U.S. 524, 532 (2005), And Title 28 U.S.C. §2244(b)(3)";

(2) "Whether the District Court Committed "Err" in "Assuming the Role of Trier of Fact" When Ruling in Petitioner's December 7, 2009, Habeas Proceeding and Then Relying on the December 7, 2009, Habeas's Defective Fact-Finding Process When Ruling in Petitioner's May 10, 2012, F.R.Civ.P. Rule 60(b); and Rule 60(d), Motion For relief From the December 7, 2009, Habeas Proceeding Judgment";

(3)"Whether the Court Erred by Failing to Construe Petitioner's Motion as a "True" Rule 60(b), and a "Mixed Motion" Requiring the District Court to Address All Issues Raised in the Rule 60(b) and Rule 60(d) Independently."
ECF No. 239 at 2.

One of the purposes of Rule 59(e) is to provide district courts the opportunity to correct significant errors of fact or law that are brought to their immediate attention, and thus spare the parties and appellate courts the burden of unnecessary appeals. *See e.g. Charles v. Daley*, 799 F.2d 343, 348 (7th Cir.1986); *Steigerwald v. Bradley*, 229 F.Supp.2d 445, 447 (D.MD.2002). A motion to alter or amend judgement under Rule 59(e) of the Federal Rules of Criminal Procedure is essentially a motion for reconsideration. Rule 59(e) offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.2000). The Ninth Circuit has <u>consistently</u> held that a motion brought pursuant to Rule 59(e) should only be granted in "highly unusual circumstances." *Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th

Cir.1999) (*citing School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993).

Once a decision of law is made, it becomes the "law of the case," and absent clear error or changed circumstances should not be changed. *See United States v. Estrada–Lucas*, 651 F.2d 1261, 1263-64 (9th Cir.1980). The law of the case doctrine provides that "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir.1998), *quoting United States v. Alexander*, 106 F.3d 874, 876 (9th Cir.1997) (internal quotation and citation omitted).

In the instant motion, Mr. Zavala argues that ". . . the District Court has never addressed whether any of the allegations raised in Petitioner's Title 28 U.S.C. 2255 can be attributed to any 'strategic reasons' of counsel's actions." Petitioner also argues that the Court did not address the allegation in his §2255 motion that counsel failed[2] to argue for a proper Terry stop or address the alleged conflict of interest. ECF No. 239 at 8. It appears that Petitioner is requesting reconsideration, in part, of the merits of his § 2255 Motion. As to these arguments, his Rule 59(e) motion to reconsider or amend judgment is construed as a second or successive federal habeas motion under 28 U.S.C. § 2255. *Gonzalez v. Crosby*, 545 U.S. 524; 125 S.Ct. 2641, 2649 (2005). This Court, however, cannot consider such

---

[2]The Court did address these specific issues in its Order Denying 28 U.S.C. §2255, noting:  Petitioner alleges many more deficiencies of his counsel, however, Petitioner fails to show that one or all of these errors had some conceivable effect on the outcome of the proceeding. ECF No. 225 at 10-11.

ORDER - 3

alleged claims without prior authorization of the Ninth Circuit Court of Appeals.[3]

"To succeed [in a Rule 59(e) motion], a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001). Petitioner sets forth no newly discovered evidence, does not demonstrate any error, much less clear error, has been committed, nor has an intervening change in the controlling law been demonstrated. In other words, Petitioner provides no basis for the Court to re-open this matter. Because none of the grounds for relief pursuant to Rule 59(e) is present, it is concluded that Petitioner is not entitled to relief pursuant to Rule 59(e). Accordingly,

**IT IS HEREBY ORDERED** that:

1. Petitioner's "Motion to Alter or Amend May 10, 2012 Judgment Pursuant to Fed.R.Civ.P. Rule 59(e) (ECF No. 237-38)," **ECF No. 239**, is **DENIED.**

2. To the extent Petitioner's motion seeks reconsideration, in part, of the merits of his § 2255 Motion claims which were considered and dismissed on December 7, 2009 (ECF No. 225), this Court cannot consider such alleged claims without prior authorization of the Ninth Circuit Court of Appeals. On June 15, 2011, the Ninth Circuit Court of Appeals denied Mr. Zavala's request for certificate of appealability (ECF No. 235).

---

[3] Rules Governing Sect. 2255 Proc. for the U.S. Dist. Ct., Rule 9 ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2244(b)(3) and (4)"); *United States v. Allen*, 157 F.3d 661, 664 (9th Cir.1998).

ORDER - 4

3. Petitioner's request for an oral argument and to the extent his request involves appointment of counsel, is **DENIED** pursuant to Local Rule 7 and the Court's discretion.

4. The District Court Executive is directed to:

    (a) Enter this Order; and

    (b) Provide a copy to Petitioner.

**DATED** this 21st day of August, 2012.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 5