UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | No. 2:05-CR-0105-LRS-1 |
|---|---|
| Plaintiff, | **ORDER DENYING PETITIONER'S SUCCESSIVE §2255 MOTION** |
| vs. | |
| RAUL S. ZAVALA, | |
| Defendant/Petitioner. | |

Over a decade ago, a jury found Raul Sanchez Zavala guilty of possession with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and using a communication facility to distribute methamphetamine in violation of 21 U.S.C. § 843(b). He received a mandatory sentence of life imprisonment on the §841(a)(1) conviction and a concurrent 8-year term of imprisonment on the §843(b) conviction. Mr. Zavala appealed his conviction and sentence and has pursued a multitude of post-conviction motions and appeals seeking relief.

Currently before the court is Mr. Zavala's *pro se* "Motion to Correct Illegal Sentence" (ECF No. 260) which challenges the legality of his 8-year sentence on the § 843(b) count. Mr. Zavala contends his sentence exceeds the four-year statutory maximum because the court improperly enhanced his sentence under 21 U.S.C. § 843(d)(1) where his prior drug convictions arose under state law, not federal law.

ORDER - 1

Defendant did not raise this claim as an objection, in his direct appeal or in his § 2255 motions. The United States has not responded to the Motion, nor has the court directed service of this Motion on the United States.

Article III, § 2, of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. Article III requires a party seeking relief to have suffered, or be threatened with, an actual injury traceable to another party and that a favorable judicial decision likely would redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). The sentence Mr. Zavala challenges has been served and expired. Defendant bears the burden to show some "collateral consequences" from the alleged sentencing error. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Here, there is no indication of collateral consequences of the allegedly excessive sentence, where Mr. Zavala's life sentence would remain unchanged.

Moreover, this court lacks jurisdiction over successive § 2255 motions without prior authorization from the Ninth Circuit Court of Appeals. Defendant has previously filed two unsuccessful §2255 petitions: ECF No. 193, filed on January 12, 2009 and denied on the merits on December 7, 2009 (ECF No. 22); and ECF No. 237 filed April 6, 2012 and denied as successive on May 10, 2012 (ECF No. 238).

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion is considered a second or successive § 2255 motion and therefore shall be transferred to the Court of Appeals for the Ninth Circuit pursuant to 28 U.S.C. § 1631 and Circuit Rule 22-3(a). Mr. Zavala is advised that this transfer will not by itself constitute compliance with 28 U.S.C. § 2255 and Circuit Rule 22-3. Mr. Zavala must still file an application for leave to proceed with

ORDER - 2

the Ninth Circuit and make the showing required by § 2255. The Clerk of the Court shall send Mr. Zavala a copy of the Ninth Circuit Form 12.

    2. The Clerk shall send a copy of this Order to Mr. Zavala and counsel for the Government, and forward this file along with Order to the Clerk of the Ninth Circuit Court of Appeals.

    3. Defendant's Motion (**ECF No. 260**) is DENIED due to the failure to obtain advance leave from the Ninth Circuit Court of Appeals. Certificate of Appealability is DENIED.

    4. The Clerk shall close the corresponding civil file, subject to reopening if the Ninth Circuit grants the request to file a second or successive § 2255 Motion.

DATED this   26th day of May, 2016.

_____*s/Lonny R. Suko*_____
LONNY R. SUKO
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3